UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**CONTINENTAL INSURANCE COMPANY,**

        **Plaintiff,**

v.                                                                                          Case No: 6:24-cv-29-GAP-DCI

**RANDALL CONSTRUCTION HOLDINGS, INC.,**

        **Defendant.**

REPORT AND RECOMMENDATION

This cause comes before the Court for consideration without oral argument on the following motion:

| | |
|---|---|
| **MOTION:** | **Plaintiff's Amended Motion and Incorporated Memorandum of Law in Support of its Renewed Motion for Entry of Default Judgment (Doc. 26)** |
| **FILED:** | **May 28, 2024** |

**THEREON** it is **RECOMMENDED** that Plaintiff's Motion (Doc. 26) be **GRANTED in part**.

Continental Insurance Company (Plaintiff) initiated this diversity action against Randall Construction Holdings, Inc. (Defendant) for breach of contract. Doc. 1. Defendant has not appeared in this case and on May 3, 2024, the Clerk entered default. Doc. 24.[1] Pending before

---

[1] By Order dated April 22, 2024, the undersigned denied without prejudice Plaintiff's initial request for Clerk's entry of default because Plaintiff failed to establish sufficient service of process. Doc. 21. Plaintiff filed an amended request, and the undersigned granted the motion. Docs. 22, 23.

the Court is Plaintiff's Amended Motion and Incorporated Memorandum of Law in Support of its Renewed Motion for Entry of Default Judgment. Doc. 26 (the Motion). At the direction of the Court, Plaintiff filed under seal the contract it alleges Defendant breached. Doc. 29. Defendant has not filed a response to the Motion and the time for doing so has elapsed. The Motion is, therefore, ripe for review.

For the reasons stated in this report, the undersigned recommends that the Court grant the Motion in part.

## I.     Standard

"When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). Once a Clerk's default has been entered, a plaintiff may apply for a default judgment to either the Clerk or the Court. Fed. R. Civ. P. 55(b).

Before granting such a motion, the courts must "ensure that it has jurisdiction over the claims and parties." *Sec. and Exch. Comm'n v. Martin*, 2019 WL 1649948, at *2 (M.D. Fla. Apr. 1, 2019), *report and recommendation adopted*, 2019 WL 1643203 (M.D. Fla. Apr. 16, 2019); *see also Sys. Pipe & Supply, Inc. v. M/V Viktor Kurnatovskiy*, 242 F.3d 322, 324 (5th Cir. 2001) ("[W]hen entry of judgment is sought against a party who has failed to plead or otherwise defend, the district court has an affirmative duty to look into its jurisdiction both over the subject matter and the parties.]") (quotation omitted).

Once jurisdiction is established, the Court may enter default judgment if "there is 'a sufficient basis in the pleadings for the judgment entered.'" *Surtain v. Hamlin Terrace Found.*, 789 F.3d 1239, 1245 (11th Cir. 2015) (per curiam) (quoting *Nishimatsu Constr. Co., Ltd. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)). The showing required in this context

"is similar to the factual showing necessary to survive a motion to dismiss for failure to state a claim." *Graveling v. Castle Mortg. Co.*, 631 F. App'x 690, 698 (11th Cir. 2015) (citing *Surtain*, 789 F.3d at 1245); *see also Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1370 n.41 (11th Cir. 1997) ("[A] default judgment cannot stand on a complaint that fails to state a claim."). Thus, a court looks to see whether the complaint "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)). However, "while a defaulted defendant is deemed to admit the plaintiff's well-pleaded allegations of fact, he is not held to admit facts that are not well-pleaded or to admit conclusions of law." *Cotton v. Mass. Mut. Life Ins. Co.*, 402 F.3d 1267, 1278 (11th Cir. 2005) (internal alteration and quotation omitted).

## II.     Allegations in the Complaint

This case stems from an alleged breach of a release agreement. Plaintiff claims that it issued Defendant three insurance policies. Doc. 1 at 2. First, Plaintiff alleges that it "issued a policy of business property and inland marine insurance to Defendant" and the premiums on that policy were $124,333.00. *Id*. Plaintiff states that Defendant made payments on that policy totaling $123,987.67 and remains indebted to Plaintiff in the amount of $345.33. *Id*. Second, Plaintiff claims that it "issued a policy of business property and inland marine insurance to Defendant" and the premiums on that policy were $160,626.83. *Id*. at 3. Plaintiff states that Defendant made no payments on that policy, but the policy was canceled on June 1, 2022, and Plaintiff issued a cancellation credit in the amount of $122,397.31. *Id*. Plaintiff, therefore, claims that "Defendant was indebted to [Plaintiff] in the amount of $38,229.52[.]" *Id*. Lastly, Plaintiff claims that it "issued a policy of excess and umbrella liability insurance to Defendant" and the premiums on that

policy were $344,392.00. *Id*. at 3 to 4. Again, Plaintiff claims that Defendant made no payments on that policy and Plaintiff issued a cancellation credit of $256,495.00. *Id*. at 4. Plaintiff asserts that "Defendant was indebted to [Plaintiff] in the amount of $87,897.00." *Id*. In total, Plaintiff claims that Defendant was indebted to Plaintiff for unpaid premiums and fees in the amount of $126,543.85. *Id*.

The three insurance policies and the alleged debt are the backdrop to a subsequent release agreement between the parties. Specifically, Plaintiff alleges that on or about August 29, 2023, the parties entered a "Confidential Payment and Release Agreement for payment of the Outstanding Premiums plus Interest." *Id*. at 5 (the Agreement). Plaintiff has filed under seal the Agreement in support of the Motion. Doc. 29.

Plaintiff alleges that pursuant to the Agreement, Defendant agreed to remit $133,933.07 to Plaintiff in three installments. Doc. 1 at 5. While Defendant paid the first installment—$45,000.00—Defendant allegedly failed to remit the next installment. *Id*. As a result, Plaintiff claims that it provided Defendant with a written Notice of Default pursuant to the terms of the Agreement. *Id*. Plaintiff alleges, however, that Defendant failed to timely cure the default and, therefore, breached the Agreement. *Id*.

Plaintiff claims that based on the terms of the Agreement, the default entitles Plaintiff to "the immediate entry of a Stipulated Final Judgment against Defendant in the amount of $153,933.07, less any payments made under the Agreement, plus interest on such amount at the rate of nine percent (9%) per annum, retroactive and compounded from June 1, 2023, plus [Plaintiff's] attorney's fees and litigation costs incurred to date and until all amounts owed to [Plaintiff] under the Stipulated Final Judgment have been satisfied." *Id*. at 6. Plaintiff states that

it has given credit to Defendant for the first $45,000.00 installment payment and the amount remaining due is $108,933.07 plus applicable interest, fees, and costs. *Id*. at 7.

### III. Discussion

#### A. Subject Matter Jurisdiction

Plaintiff alleges jurisdiction exists pursuant to 28 U.S.C. § 1332. Doc. 1 at 2. Both parties are corporations and for diversity jurisdiction purposes, a corporation is a "citizen of every State by which it has been incorporated and of the State . . . where it has its principal place of business." 28 U.S.C. § 1332(c)(1). Plaintiff alleges that it is an Illinois corporation with its principal place of business in Illinois. Doc. 1 at 1. Plaintiff also claims that Defendant is a Florida corporation with its principal place of business in Florida. *Id*. Plaintiff has attached a page from the Florida Division of Corporation's website to support the assertion regarding Defendant's citizenship. Doc. 26-8; *see also* Doc. 26-7.[2] The undersigned is satisfied that diversity between the parties exists.

With respect to the amount in controversy, Plaintiff alleges that the amount exceeds $75,000.00 as Plaintiff seeks $122,393.84 plus *additional* interest, fees, and costs. Doc. 1 at 2, 8. The undersigned notes that the $122,393.84 figure includes $108,933.07 ($153,933.07 - $45,000.00 for the first installment payment) in damages which is independent of Plaintiff's request for *initial* interest, fees, and costs. Doc. 1 at 6 to 7.[3]

---

[2] Although Plaintiff does not provide evidence of its own citizenship, the Florida Division of Corporation's website also reflects that Plaintiff is a foreign corporation and its 2024 Foreign Profit Corporation Annual Report confirms that its principal place of business is in Illinois. www.sunbiz.org.

[3] Interest, fees, and costs are not typically considered for purposes of the jurisdictional threshold. *See* 28 U.S. § 1332(a); *Federated Mut. Ins. Co. v. McKinnon Motors, LLC*, 329 F.3d 805, 808 n.4 (11th Cir. 2003) ("The general rule is that attorneys' fees does not count towards the amount in controversy unless they are allowed for by statute or contract."); *Howatt v. Tempra Tech.*, 2012 WL 13106317, at *1 (M.D. Fla. Feb. 2, 2012) ("Excluding interest from the amount in controversy discourages the tactical delay of a suit while the jurisdictional amount accumulates.").

The undersigned also notes that Plaintiff represents in the Motion that Defendant paid $88,933.07 on January 19, 2024—after Plaintiff filed the Complaint—and the current amount remaining due under the Agreement is $33,460.77 (an amount which includes not only the outstanding principal but also specific amounts of interest and attorney fees). Doc. 26 at 11. While this amount is clearly below the threshold, the subsequent payment does not divest the Court of jurisdiction and the undersigned still recommends that the amount in controversy is met. *See Am. Nat'l Co. v. Hansen*, 2017 WL 2348856, at *2 (M.D. Fla. May 30, 2017) (finding that it is well-established that a court must assess the existence of diversity jurisdiction at the time the action is filed, and subsequent events do not generally divest a court of jurisdiction) (citations omitted).

Based on the foregoing, the undersigned finds that the Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1332.

### B. Service of Process

According to the Return of Service, the process server served "DANIELLE SCHROEDER as LEGAL ASSISTANT for RANDALL CONSTRUCTION HOLDINGS, INC., C/O REGISTERED AGENT – VIHLEN & ASSOCIATES, PA[.]" Doc. 12 (emphasis in original).[4] Plaintiff contends service on this individual is proper under federal and Florida law because Defendant's registered agent is the law firm of Vihlen Associates, PA (Vihlen)—not an individual—and Danielle Schroeder is a legal assistant and employee of the firm. Doc. 26 at 8; *see also* Doc.26-7.

First, the undersigned finds that service is sufficient under Federal Rule of Civil Procedure 4(h)(1)(B) because as an "authorized" agent for Vihlen—the registered agent—service was

---

[4] Plaintiff has also provided an Amended Return of Service that reflects that the process server served Danielle Schroeder. Doc. 26-13.

properly effected on "a managing or general agent." *See Ariza v. Chocomere, LLC*, 2024 WL 1929507, at *1 (M.D. Fla. May 2, 2024) (finding that service on employee of corporation registered agent was sufficient under Rule 4(h)(1)(B)).

Second, Rule 4(h) provides that service on business entities may be effected by following state law. Fed.R.Civ.P. 4(h)(1)(A), 4(e)(1). Under Florida law, a corporation may be served by serving a registered agent. Fla. Stat. § 48.081(2). And if a registered agent is not a natural person, service may be effected "on any employee of the registered agent." Fla. Stat. § 48.091(4).

Since service was effected on an employee of the corporate registered agent, the undersigned finds that service appears to be proper under the governing law. *See* Fla. Stat. §§ 48.081(2), 48.091(4); *see also Rajbhandari v. U.S. Bank*, 305 F.R.D. 689, 693-94 (S.D. Fla. 2015) ("A process server's return of service is presumed to be valid and satisfies a plaintiff's initial prima facie burden absent strong and convincing evidence presented to the contrary.").

Accordingly, the undersigned recommends that service of process is sufficient.

### C. Clerk's Default

On May 3, 2024, the undersigned granted Plaintiff's Amended Motion for Clerk's Default. Doc. 23. The Clerk subsequently entered default against Defendant pursuant to Rule 55(a). Doc. 24. Defendant has not since appeared or otherwise responded to the Complaint.

### D. Liability

Plaintiff requests final entry of default on its claim for breach of contract—the only claim in the Complaint. Doc. 26. In support, Plaintiff has filed the Agreement, the Notice of Default, Plaintiff's legal specialist's "Affirmation," Plaintiff's counsel's "Affirmation," and an email regarding the alleged default. Docs. 26-1; 26-5 to 26-7; 29.

A party asserting a claim for breach of contract under Florida law[5] must establish: 1) the existence of a valid contract; 2) a material breach of the contract; and 3) damages resulting from the breach. *Vega v. T-Mobile USA, Inc.*, 564 F.3d 1256, 1272 (11th Cir. 2009) (citing *Friedman v. N.Y. Life Ins. Co.*, 985 So.2d 56, 58 (Fla. 4th DCA 2008)). Here, the Complaint contains the following relevant allegations: Plaintiff and Defendant entered into the Agreement for payment of outstanding premiums due in three installments. Doc. 1 at 5. Defendant made the first payment but failed to make the next payment by the due date. *Id*. Plaintiff provided a Notice of Default in accordance with the Agreement, and Defendant failed to cure the default within the allotted time. *Id*. Pursuant to the terms of the Agreement, Defendant agreed that Plaintiff is entitled to the entry of a Stipulated Final Judgment in favor of Plaintiff. *Id*. at 6. As a result of the default, Plaintiff has been damaged. *Id*. at 8.

Defendant admits these well-pled allegations by virtue of its default, and these allegations are sufficient to establish each element of the sole cause of action. The Agreement sets for the installment and default terms. Doc. 29.

Accordingly, the undersigned recommends that there is a sufficient basis in the pleading for the Court to enter default judgment against Defendant on the breach of contract claim.[6]

---

[5] According to the Agreement, Florida law governs disputes arising out of the Agreement. Doc. 29 at 5.

[6] The undersigned notes that both parties signed the Agreement but only Plaintiff provided a date of execution. Even if there is some question as to whether Defendant's signature is valid without the date, "a contract is binding, despite the fact that one party did not sign the contract, where [the] Parties have performed under the contract." *See ConSeal Int'l Incorporated v. Neogen Corp.*, 488 F. Supp. 3d 1257, 1269 (S.D. Fla. 2020) (quotation omitted). Here, Defendant has not appeared to dispute Plaintiff's allegation that the parties entered into the Agreement on or about August 29, 2023, and the parties performed under the contract.

### E.  Damages and Interest

Since Plaintiff's allegations are deemed admitted for purposes of liability, the undersigned will address Plaintiff's claims for damages and interest.  In the default judgment context, "[a] court has an obligation to assure that there is a legitimate basis for any damage award it enters." *Anheuser Busch, Inc. v. Philpot*, 317 F.3d 1264, 1266 (11th Cir. 2003); *see Adolph Coors Co. v. Movement Against Racism & the Klan*, 777 F.2d 1538, 1544 (11th Cir. 1985) (explaining that damages may be awarded on default judgment only if the record adequately reflects a basis for an award of damages).  Ordinarily, unless a plaintiff's claim against a defaulting defendant is for a liquidated sum or one capable of mathematical calculation, the law requires the district court to hold an evidentiary hearing to fix the amount of damages.  *See Adolph Coors*, 777 F.2d at 1543-44.  However, no hearing is needed "when the district court already has a wealth of evidence . . . such that any additional evidence would be truly unnecessary to a fully informed determination of damages." *See S.E.C. v. Smyth*, 420 F.3d 1225, 1232 n.13 (11th Cir. 2005).  *See also Wallace*, 247 F.R.D. at 681 ("[A] hearing is not necessary if sufficient evidence is submitted to support the request for damages.").

Here, the undersigned recommends that an evidentiary hearing on the issue of damages is not necessary because the record contains sufficient information to mathematically ascertain the amount in this case.  Plaintiff's calculations are reflected in the legal assistant's "Affirmation" filed under penalty of law and the Agreement.  Docs. 26-1; 29.  Specifically, under the Agreement's payment terms, Defendant was to pay Plaintiff $133,933.07 in three installments due on October 16, 2023 ($45,000.00); November 15, 2023 ($45,000.00); and December 15, 2023 ($43,933.07).  Doc. 29 at 2.  And, in the event of default, the amount due increases.  *Id*. at 3.  Namely, the parties agreed that if Defendant failed to make the payments in accordance with the

terms, then Plaintiff is entitled to a "Stipulated Final Judgment" in the amount of $153,933.07, less any payments made under the Agreement plus interest, fees, and costs. *Id*.

Here, Defendant paid the first installment and Plaintiff gave credit for that amount leaving $88,933.07 due to Plaintiff ($133,933.07 minus $45,000.00). When Defendant failed to timely pay the second installment, Plaintiff sent a Notice of Default giving Plaintiff until December 4, 2023 to remit the payment due ($45,000 for the second installment plus $500 for the Notice of Default). Docs. 26-1 at 7; 26-5; 29 at 2. Plaintiff claims without opposition that Defendant did not pay the remaining $88,933.07 for the final two installments until January 19, 2024. Docs. 26-1 at 7; 29 at 2. As a result, Defendant breached the Agreement.

So, after the default, Defendant owed Plaintiff $108,933.07 ($153,933.07 less $45,000.00 for the first installment) plus interest, fees, and costs. Docs. 26-1 at 6-7; 29 at 2 to 3. But Plaintiff has since given credit to Defendant for the additional $88,933.07 payment resulting in an outstanding balance of $20,000.00. Doc. 26-1 at 7.

As to interest, Plaintiff makes a specific request for $5,618.33. Doc. 26. The Agreement provides that in the event of default, Plaintiff is entitled to interest at 9% per annum accruing from June 1, 2023. Doc. 29 at 3. Plaintiff calculates the figure from June 1, 2023 to December 31, 2023 bringing the amount claimed in damages and interest to $25,618.33 ($20,000 + $5,618.33). Docs. 26-6; 29 at 3.[7]

Having considered Plaintiff's unopposed exhibits, the undersigned finds that Plaintiff is entitled to $25,618.33 for the outstanding balance and the interest claimed from June 1, 2023 to December 31, 2023.

---

[7] Plaintiff filed the Complaint on January 5, 2024. Doc. 1.

In the preliminary statement section of the Motion, Plaintiff also requests an unspecified amount of interest "at a rate of nine percent (9%) per annum" accruing from January 1, 2024, until all amounts to Plaintiff have been satisfied. Doc. 26 at 4, 11; Doc. 26-1 at 7. However, Plaintiff does not otherwise brief this request in the Motion or specify what it requests the Court to do in this regard. To the extent that Plaintiff is requesting that interest accrue from January 1, 2024 at the nine percent rate, that request is supported by the parties' Agreement. *See* Doc. 29 at 3. To the extent Plaintiff is requesting the Court specify a certain amount of interest as part of the monetary award in the judgment[8] or that the judgment contain certain language, the undersigned recommends that the request is unsupported on this record, though Plaintiff may submit supplemental briefing prior to the Court ruling on this Report and Recommendation.

### F. Fees

The Agreement also allows for recovery for attorney fees and costs. Doc. 29 at 3. Plaintiff includes a specific request for $7,817.44 in fees and $25.00 in costs incurred as of November 30, 2023. Docs. 26 at 7; 26-1 at 7. With those amounts included, Plaintiff's amount requested is $33,460.77 ($25,618.33 + $7,817.44 + $25.00). Additionally, Plaintiff includes a general request for additional attorney fees and costs from December 1, 2023 until all amounts owed are satisfied. Doc. 26-1 at 7. "Under Florida law, attorney's fee provisions in contracts are enforceable." *Sunbelt Rentals, Inc. v. Masonry & Constr. Servs., Inc.*, 2020 WL 8461567, at *3 (M.D. Fla. Dec. 17, 2020), *report and recommendation adopted*, 2021 WL 222778 (M.D. Fla. Jan. 22, 2021). Accordingly, the undersigned recommends that Plaintiff is entitled to fees and costs.

---

[8] The Court notes that this calculation is affected by the change in principal that occurred following the filing of this case when Defendant made a payment to Plaintiff.

But the undersigned is not persuaded that the Court should award the requested amount at this juncture. While Plaintiff has filed an "Affirmation" in support of the request for $7,817.44 and it appears Plaintiff is entitled to attorney fees and costs pursuant to the Agreement (*see* Doc. 29 at 3), Plaintiff provides nothing other than a conclusory statement regarding the amount claimed. *See* Doc. 26-1 at 7.

The undersigned recommends that Plaintiff is entitled to reasonable attorney fees and costs from Defendant but should be directed to file a supplemental motion concerning quantification in accordance with Local Rule 7.01(c).

### IV.    Conclusion

Based on the foregoing, it is **RECOMMENDED** that:

1. the Motion (Doc. 26) be **GRANTED in part** to the extent that the Court grant final default judgment in Plaintiff's favor in the amount of $25,618.33 for the outstanding balance and the interest claimed from June 1, 2023 to December 31, 2023, with interest accruing at a rate of nine percent per annum; and

2. the remainder of the Motion (Doc. 26) be **DENIED without prejudice** and Plaintiff be directed to file a motion concerning quantification of attorney fees pursuant to Local Rule 7.01(c).

### NOTICE TO PARTIES

The party has fourteen days from the date the party is served a copy of this report to file written objections to this report's proposed findings and recommendations or to seek an extension of the fourteen-day deadline to file written objections. 28 U.S.C. § 636(b)(1)(C). A party's failure to serve and file written objections waives that party's right to challenge on appeal any unobjected-

to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1; 28 U.S.C. § 636(b)(1).

Recommended in Orlando, Florida on September 6, 2024.

DANIEL C. IRICK
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy