# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**CONTINENTAL INSURANCE COMPANY,**

      **Plaintiff,**

v.                                                                      **Case No: 6:24-cv-29-GAP-DCI**

**RANDALL CONSTRUCTION HOLDINGS, INC.,**

      **Defendant.**

## REPORT AND RECOMMENDATION

This cause comes before the Court for consideration without oral argument on the following motion:

| | |
|---|---|
| **MOTION:** | Plaintiff's Supplemental Motion for Attorney's Fees and Additional Interest (Doc. 44) |
| **FILED:** | November 15, 2024 |
| **THEREON** it is **RECOMMENDED** that Plaintiff's Motion (Doc. 44) be **GRANTED in part**. | |

Continental Insurance Company (Plaintiff) initiated this diversity action against Randall Construction Holdings, Inc. (Defendant) for breach of contract. Doc. 1. Defendant has not appeared in this case, and on May 3, 2024, the Clerk entered default. Doc. 24.[1] Plaintiff then filed an Amended Motion and Incorporated Memorandum of Law in Support of its Renewed Motion

---

[1] By Order dated April 22, 2024, the undersigned denied without prejudice Plaintiff's initial request for Clerk's entry of default because Plaintiff failed to establish sufficient service of process. Doc. 21. Plaintiff filed an amended request, and the undersigned granted the motion. Docs. 22, 23.

for Entry of Default Judgment. Doc. 26 (the Renewed Motion). By Order dated September 23, 2024, the Court adopted the undersigned's recommendation that Plaintiff be entitled to $25,618.33 for the outstanding balanced owed due to the breach including interest accrued from June 1, 2023 to December 31, 2023 but the remainder of the Renewed Motion be denied. Doc. 32.[2] The Court provided that "[i]f Plaintiff wishes to pursue additional interest or attorney fees, it must file appropriate documentation by October 15, 2024." *Id*. at 2.

Pending before the undersigned is Plaintiff's Supplemental Motion for Attorney's Fees and Additional Interest. Doc. 44 (the Motion). The undersigned recommends that the Motion is due to be granted in part. As an initial matter, the title of the Motion references a request for "Additional Interest," but Plaintiff provides no discussion related to that claim and clearly limits the relief sought to $7,817.44 for attorney fees. *See id.* As such, to the extent Plaintiff seeks "Additional Interest," the record and briefing does not support the request and the undersigned recommends that it is due to be denied.

Also, Plaintiff contends that it is the prevailing party in this case and is entitled to attorney fees pursuant to the "clear terms" of the Agreement at issue and Florida Statutes sections 817.41(6) and 501.2105(1). Doc. 44 at 2. As stated *supra*, the Court adopted the undersigned's Report and Recommendation wherein the undersigned found that Plaintiff is entitled to fees and costs and, therefore, the Court should direct Plaintiff to file a motion concerning quantification pursuant to

---

[2] Specifically, the undersigned recommended that Plaintiff's request be granted in part to the extent that Plaintiff be awarded $25,618.33 for the balance and the interest claimed from June 1, 2023 to December 31, 2023 and that Plaintiff be entitled to reasonable fees and costs. Doc. 31 at 10 to 12. The undersigned, however, found that Plaintiff did not support its request for an unspecified amount of interest accruing from January 1, 2024 until all amounts are satisfied nor did it adequately support its specific request for $7,817.44 in attorney fees. *Id*. at 11, 12. As such, the undersigned recommended that Plaintiff be directed to file a motion concerning the quantification of the fees. *Id*. at 12.

Local Rule 7.01(c). Doc. 31 at 11, 12. Accordingly, the undersigned finds it unnecessary to address Plaintiff's argument regarding entitlement to fees—as the Court has already ruled in Plaintiff's favor on that issue—and will turn to the question of whether the Court should award the amount claimed.[3]

Courts are required to utilize the lodestar approach to determine reasonable compensation. *SEC v. Aquacell Batteries, Inc.*, 2008 WL 276026, at *3 (M.D. Fla. Jan. 31, 2008). The lodestar figure is reached by "multiply[ing] the number of hours reasonably expended by a reasonable hourly rate." *Loranger v. Stierheim*, 10 F.3d 776, 781 (11th Cir. 1994) (internal quotations omitted); *see also Jackson v. Grupo Indus. Hotelero, S.A.*, 2010 WL 750301, at *2 (S.D. Fla. Mar. 3, 2010). In determining if the requested rate is reasonable, a court may rely on its own knowledge and experience. *Norman v. Housing Authority of City of Montgomery*, 836 F.2d at 1299-1300, 1303 (11th Cir. 1988) ("The court, either trial or appellate, is itself an expert on the question and may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value.") (quotations and citation omitted).

With respect to rates, "a reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Duckworth v. Whisenant*, 97 F.3d 1393, 1396 (11th Cir. 1996) (quotations and citation omitted). Here, Plaintiff had two attorneys and a paralegal work on the case and requests $7,817.44 in fees for services rendered between November 30, 2023 and March 13, 2024. Doc. 44. Namely,

---

[3] It may be that Plaintiff includes its position regarding entitlement because the Court in its September 23, 2024 Order did not *expressly* state that Plaintiff is "entitled to fees and costs." *See* Doc. 32. The Court, however, confirmed and adopted the Report and Recommendation as part of the Order and directed Plaintiff to provide documentation regarding the claimed fees if Plaintiff wished to pursue the claim. Doc. 32 at 2.

Plaintiff seeks recovery for Partner D. Kadian's (Kadian) time at an hourly rate of $310.25; Associate L. Bland's (Bland) time at an hourly rate of $255.00; and Paralegal E. Kokawski's (Kokawski) time at an hourly rate of $123.25. *Id*. at 6. In support of the request, Plaintiff attaches Kadian's Declaration setting forth Kadian, Bland, and Kokawski's experience and professional qualifications. Doc. 44-1. Specifically, Kadian states that he has represented insurance companies in commercial litigation matters since his graduation from law school in 2003. *Id*. at 2. Kadian adds that Bland graduated law school in 2017, has experience as a clerk and state prosecutor, and has been a commercial litigator for two years. *Id*. Kadian contends that Kokawski is a "seasoned" paralegal with litigation experience since 1993. *Id*.

Drawing upon the undersigned's own experience and expertise and considering Kadian's Declaration and Defendant's lack of opposition to the Motion, the undersigned finds that the requested rates are reasonable. *See also*, *Dozr, Ltd. v. Bighorn Constr. & Reclamation, LLC*, 2024 WL 1835367, at *2 (M.D. Fla. Apr. 9, 2024), *report and recommendation adopted by*, 2024 WL 1833090 (M.D. Fla. Apr. 26, 2024) (finding that attorney rates of $384.14, $315.00, and $260.00 per hour and the paralegal rate of $172.50 per hour were reasonable based on the experience of the respective attorneys, an affidavit, and the court's knowledge of the prevailing market rates); *Hill v. Allianz Life Ins. Co. of N. Am.*, 2018 WL 6983647, at *4 (M.D. Fla. Dec. 10, 2018), *report and recommendation adopted by*, 2019 WL 932264 (M.D. Fla. Feb. 26, 2019) (recommending as reasonable: $300.00 per hour for an attorney with 8 years' experience; $250.00 per hour for an attorney with 7 years' experience; $230.00 per hour for an attorney with 2 years' experience); *Cableview Commc'ns of Jacksonville, Inc. v. Time Warner Cable Southeast, LLC*, 2019 WL 9078645, at *3 (finding that $125 per hour was a reasonable paralegal rate in this division).

As to the time claimed, reasonable hours expended are those that are not "excessive, redundant or otherwise unnecessary" and that reflect the attorney's "billing judgment." *Norman*, 836 F.2d at 1301. Attached to Kadian's Declaration is an itemized record of the hours the attorneys and the paralegal worked. Doc. 44-2. The entries are dated and include a redacted narrative of the functions performed.[4] *Id*. Plaintiff contends that counsel compiled the time based on a review of the record and eliminated excessive, duplicative, and clerical entries. Doc. 44 at 9. Indeed, Kadian declares that he reviewed all invoices and bills on the firm's software and the entries come from that record and accurately reflect the firm's invoices. Doc. 44-1 at 2 to 3.

The undersigned finds that the record sufficiently reflects the time spent per attorney and paralegal and the subject matter of the time expenditure. Counsel and the paralegal appropriately avoid block billing and seem to exclude unrecoverable tasks such as entries that might be described as clerical in nature. Based on the Motion, Kadian's Declaration, and the record, the undersigned finds that the time expended for the relevant period is reasonable.

In sum, the undersigned finds that Plaintiff is entitled to the requested $7,817.44 in fees.

---

[4] The undersigned notes that the spreadsheet has some redactions. *See* Doc. 44-2. "'When the subject of a task performed is redacted, a court is precluded from determining whether the time spent on that task was reasonable. When presented with redacted time entries or otherwise insufficient billing records, a court may apply an across-the-board reduction to the lodestar.'" *Dukes v. LVNV Funding, LCC*, 2023 WL 3822060, at *3 (M.D. Fla. May 19, 2023), *report and recommendation adopted by*, 2023 WL 3819089 (June 5, 2023) (quoting *Ecom Prods. Grp. Corp.*, 2022 WL 13631780, at *5 (M.D. Fla. Oct. 21, 2022)). "The Eleventh Circuit, however, has 'held that a district court did not abuse its discretion where 'most' of the entries were not severely redacted, and the district court could use the surrounding time entries to conclude that the 'time claimed. . . was spent on [the] matter.'" *Id*. (quoting *Dial HD, Inc. v. ClearOne Commc'ns*, 536 F. App'x 927, 931 (11th Cir. 2013)). While Kadian redacts a portion of the entries, the redactions are minimal, and what remains is sufficient to justify the requested billed time. Accordingly, even though the undersigned does not—and cannot—consider the redacted information, it is recommended that a reduction is not warranted.

Based on the foregoing, the undersigned **RECOMMENDS** that the Court **GRANT in part** the Motion (Doc. 44) to the extent that the Court award Plaintiff $7,817.44 for attorney fees and **DENY** the remainder of the Motion.

### NOTICE TO PARTIES

The party has fourteen days from the date the party is served a copy of this report to file written objections to this report's proposed findings and recommendations or to seek an extension of the fourteen-day deadline to file written objections. 28 U.S.C. § 636(b)(1)(C). A party's failure to serve and file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1; 28 U.S.C. § 636(b)(1).

Recommended in Orlando, Florida on January 8, 2025.

DANIEL C. IRICK
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy